**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **YOUNG BOK SONG,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) No. 3:11-cv-1082 |
| | ) |
| **JOHNNY FITZ,** | ) |
| | ) |
| **Respondent.** | ) |

**<u>MEMORANDUM OPINION</u>**

Young Bok Song moves under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's September 15, 2023, Memorandum Opinion (Doc. No. 150) and Order (Doc. No. 151) denying his petition for a writ of habeas corpus. (Doc. No. 152). In the Memorandum Opinion, the Court held that Song procedurally defaulted on his ineffective-assistance-of-trial-counsel claim. (Doc. No. 150 at 22). The Court found cause to excuse the default based on his counsels' performance. (<u>Id.</u> at 19-21). The Court, however, found that Song could not establish actual prejudice to excuse the default because he could not show that the outcome of his trial would have been different had he been permitted to testify with an interpreter's assistance. (<u>Id.</u> at 22). Song argues that the Court erred by requiring a separate showing of actual prejudice beyond the prejudice already shown under the cause analysis. (Doc. No. 152 at 2-11). Alternatively, he seeks a certificate of appealability. (<u>Id.</u> at 11-15).

Having considered Song's arguments, the Court does not find any clear error of law in its Order. The Sixth Circuit in <u>Gaither v. Lane</u>, 169 F.4th 716 (6th Cir. 2026), confirmed that when a petitioner seeks to excuse the procedural default of an ineffective-assistance-of-trial-counsel

claim under <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), the court must also assess prejudice separately from the prejudice shown under the cause analysis.  Because reasonable jurists could debate this outcome, however, the Court will issue a certificate of appealability on Song's ineffective-assistance-of-trial-counsel claim.

## I.  FACTUAL BACKGROUND

The factual and procedural histories of this case are recited in the Magistrate Judge's report and recommendation (Doc. No. 128 at 1-14), and the Court's Memorandum Opinion (Doc. No. 150 at 2-7).  They control here.  In short, Song, whose first language is Korean, was convicted in state court of rape and sexual battery after being denied the services of an interpreter at trial.  He seeks habeas relief because his trial counsel was constitutionally ineffective for failing to assess his English proficiency before trial and to secure an interpreter at trial.  That claim is procedurally defaulted, and the question before the Court is whether Song can excuse the default.

Song's Rule 59(e) motion and request for a certificate of appealability are ripe for decision. (Doc. Nos. 152, 158, 159).  The Court further considers Respondent Johnny Fitz's ("State") notice of supplemental authority (Doc. No. 160), which Song responded to (Doc. No. 161).

## II.  LEGAL STANDARD

Under Rule 59(e), the Court may grant a motion to alter or amend a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice.  <u>Intera Corp. v. Henderson</u>, 428 F.3d 605, 620 (6th Cir. 2005).  Parties "cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."  <u>Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC</u>, 477 F.3d 383, 395 (6th Cir. 2007).

2

## III.   ANALYSIS

The Court previously addressed Song's procedurally defaulted ineffective-assistance-of-trial-counsel claim.   (Doc. No. 150 at 21-22).   In doing so, the Court applied Coleman v. Thompson, 501 U.S. 722, 750 (1991), which required Song to show both "cause" for the default of his ineffective-assistance-of-trial-counsel claim and "actual prejudice" resulting from it.  (Id.)

The Court found that Song established cause under the narrow exception from Martinez v. Ryan, 566 U.S. 1, 14 (2012).  (Id. at 21).  Martinez required Song to establish cause by showing that (1) Tennessee prohibits or makes it virtually impossible to raise his ineffective-assistance-of-trial-counsel claim on direct appeal; (2) he received ineffective assistance of counsel in the initial state post-conviction proceeding; and (3) his underlying ineffective-assistance-of-trial-counsel claim is "substantial."  Martinez, 566 U.S. at 14, 17; see also Rogers v. Mays, 69 F.4th 381, 395-96 (6th Cir. 2023) (en banc).  On the first factor, the Court found that Tennessee relegates ineffective-assistance-of-trial-counsel claims to collateral review.  (Doc. No. 150 at 21).  On the second and third factors, the Court had previously found evidence of trial counsel's deficient performance, assumed that post-conviction counsel was also deficient for failing to raise those arguments, and assumed Strickland prejudice based on the deficient performance of both trial and post-conviction counsel.  (Id. at 19-20).  Those findings effectively satisfied the second and third factors.

Having found cause to excuse Song's default, the Court turned to actual prejudice.  (Id. at 21 (citing Coleman, 501 U.S. at 750)).  The Court found that Song could not establish actual prejudice, relying on Jones v. Bell, 801 F.3d 556, 563 (6th Cir. 2015).  (Id. at 21-22).  Jones required Song to make a showing beyond Strickland prejudice—which the Court had already assumed—to establish actual prejudice.  Song had to show that based on the record, "the outcome of the trial would have been different" had it been error free.  Jones, 801 F.3d at 563.  The Court

3

found that Song could not show that the outcome of the trial would have been different given the evidence of rape and sexual battery. (Doc. No. 150 at 22).

Song's motion centers around that finding. Song contends that the Court committed manifest error by requiring him to show "actual prejudice" in addition to <u>Strickland</u> prejudice. (Doc. No. 152). Song contends that <u>Jones</u> conflicts with other Sixth Circuit cases, and that even if <u>Jones</u> is good law, it does not apply when a petitioner proceeds under <u>Martinez</u>—i.e., when the cause to excuse the default is the ineffectiveness of post-conviction counsel. (<u>Id.</u> at 4-5, 10-11). In Song's view, an even lesser standard applies to him; he only needs to show that his <u>Strickland</u> claim is "a winner" on the merits. (<u>Id.</u> at 8-9). If it is, cause to excuse the default is established, and relief follows without a separate showing of prejudice. (<u>Id.</u>). The State responds that <u>Jones</u> is binding authority that the Court correctly applied, and that Song cannot establish prejudice under either standard because the prosecution's case was strong. (Doc. No. 158 at 11-16).

The State also filed a notice of supplemental authority identifying <u>Gaither v. Lane</u>, 169 F.4th 716 (6th Cir. 2026). (Doc. No. 160). The State argues that <u>Gaither</u> controls because it reaffirmed <u>Jones</u>'s actual prejudice analysis. (<u>Id.</u> at 1-2). Song responds that <u>Gaither</u>'s application of <u>Jones</u> is dicta because the petitioner in that case failed to establish a substantial <u>Strickland</u> claim, making the actual prejudice analysis unnecessary to the outcome. (Doc. No. 161).

    A.    <u>The Sixth Circuit's Actual Prejudice Authority</u>

Song's motion requires the Court to navigate Sixth Circuit precedent. The key distinction that explains the differences in outcome is whether the procedural default requires the court to assess the trial outcome under the cause prong. If so, one showing of prejudice suffices to excuse the default. And if not, two showings are required. The Court will address both sets of cases and then explain why <u>Gaither</u> confirms this framework.

### 1. One Showing of Prejudice

Song relies on three cases to support his argument that <u>Strickland</u> prejudice alone satisfies the actual prejudice requirement when the ineffective assistance of constitutionally guaranteed counsel causes the default: <u>Joseph v. Coyle</u>, 469 F.3d 441 (6th Cir. 2006); <u>Ege v. Yukins</u>, 485 F.3d 364 (6th Cir. 2007); and <u>Hall v. Vasbinder</u>, 563 F.3d 222 (6th Cir. 2009). (<u>See</u> Doc. No. 152 at 3-5). Song characterizes these cases as establishing a rule for constitutionally guaranteed counsel. But a closer look reveals that each case involved objections that trial counsel failed to raise, causing the petitioners to procedurally default. The cause analysis thus required the court to assess trial counsel's effectiveness under <u>Strickland</u>. That assessment necessarily includes whether "the result of the proceeding would have been different" but for trial counsel's errors. <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). As a result, there was no need to perform that analysis again under the prejudice prong.

In <u>Joseph</u>, trial counsel failed to object to deficiencies in the indictment and jury instructions involving the aggravating factor that made petitioner eligible for the death penalty, causing petitioner to procedurally default on those objections. <u>Joseph</u>, 469 F.3d at 458-59. Petitioner sought to excuse the default, and also asserted an independent ineffective-assistance-of-trial-counsel claim based on counsel's failure to raise the objections. <u>Id.</u> at 459. The Court first analyzed the merits of the ineffective-assistance-of-trial-counsel claim. <u>Id.</u> On <u>Strickland</u> prejudice, it conducted a detailed review of the trial record and found a reasonable probability that the outcome of the trial would have been different had the objections been raised. <u>Id.</u> at 459-62. That is because (1) the prosecution would not have charged the aggravating factor, (2) a properly instructed jury would not have found petitioner guilty of the specification, and (3) the trial judge would have set aside or rejected the verdict. <u>Id.</u> Having addressed the ineffective-assistance-of-trial-counsel claim's merits, the court assessed whether there was cause and prejudice to excuse

the default.  Id. at 462.  The Sixth Circuit observed that the Supreme Court had "declined to provide a general definition of 'prejudice' for purposes of cause and prejudice."  Id.  But the court noted that the Strickland and Brady v. Maryland, 373 U.S. 83 (1963), materiality standards are worded similarly, and Brady materiality suffices to excuse the procedural default of a Brady claim.  Id.  "[I]t follows," the court reasoned, "that establishing Strickland prejudice likewise establishes prejudice for purposes of cause and prejudice."  Id. at 462-63.

Joseph's prior merits analysis was central to that conclusion.  Joseph had analyzed the ineffective-assistance-of-trial-counsel claim's merits and reviewed the trial record in detail to consider if the trial outcome would have been different had it been error free.  So Joseph's holding that Strickland prejudice "likewise establishes" actual prejudice reflected the recognition that the two analyses overlapped on the facts before it.  When the reason to excuse the default is trial counsel's ineffectiveness, the court must review the trial record under the cause prong as part of the Strickland analysis and assess the impact of the error on the trial outcome.  The actual prejudice inquiry in that situation adds nothing.

After Joseph, the Sixth Circuit applied its reasoning in similar contexts.  In Ege, trial counsel's failure to object to the admission of expert testimony under Michigan's "contemporaneous objection rule" caused the petitioner to procedurally default the objection.  Ege, 485 F.3d at 378.  The court held that one way to establish cause to excuse the default was to show that trial counsel was ineffective under Strickland for failing to object.  Id.  The court then looked to the trial record and found Strickland prejudice because trial counsel failed to object to expert testimony that lacked a foundation, and the testimony presented the only physical evidence linking petitioner to the crime.  Id. at 379.  Having found Strickland prejudice, the court concluded that

the actual prejudice requirement was also satisfied for the same reason as in <u>Joseph</u>: the cause inquiry required that the court assess the impact of the error on the trial outcome.  <u>Id.</u> at 379-80.

Likewise, in <u>Hall</u>, trial counsel's failure to object to the prosecutor's closing argument under Michigan's "contemporaneous objection rule" caused the petitioner to procedurally default on the claim.  <u>Hall</u>, 563 F.3d at 236.  Because petitioner sought to excuse the default through ineffective assistance of trial counsel, the court reasoned that the "prejudice analysis for the procedural default and the prejudice analysis for the ineffective assistance of counsel argument are sufficiently similar to treat as the same in this context."  <u>Id.</u> at 237.  The court then examined the trial record and found that trial counsel's failure to object did not prejudice the defense—i.e., it did not impact the trial outcome—so the court did not excuse the default.  <u>Id.</u> at 237-39.  Like <u>Joseph</u> and <u>Ege</u>, the cause analysis required the court to look at the trial record and assess whether the outcome would have been different because of counsel's failure to object at trial.

The theme of these cases is that in each, trial counsel's failure to act at trial caused the procedural default.  For that reason, excusing the default under the cause prong required showing that trial counsel was ineffective under <u>Strickland</u>, which required looking to the trial record to assess whether the outcome would have been different.  There was thus no reason to perform a similar analysis again under the actual prejudice prong.

###    2.    Two Showings of Prejudice

<u>Jones</u> addressed a different situation because the <u>Strickland</u> analysis under the cause prong did not overlap with an assessment of the trial's outcome under the actual prejudice prong.  In <u>Jones</u>, the petitioner defaulted on a <u>Faretta v. California</u>, 422 U.S. 806 (1975), self-representation claim because his appellate counsel failed to raise the claim on direct appeal.  <u>Jones</u>, 801 F.3d at 562.  A <u>Faretta</u> violation is "structural error" requiring "an automatic new trial."  <u>Id.</u> at 563.  In assessing appellate counsel's performance under the cause prong, the court found <u>Strickland</u>

7

prejudice because there was "at least a reasonable probability" of success on direct review.  Id. Success "would have resulted in an automatic new trial—a different result than on his actual direct appeal, which resulted in affirmance of his conviction."  Id.  Yet Jones reasoned that actual prejudice to excuse the default required "more than the prejudice prong under Strickland."  Id. The court recognized that Strickland prejudice was automatically satisfied by appellate counsel's failure to raise a claim that required reversal.  Id.  So unless the court analyzed the trial record, the default would be excused without any examination of whether an error-free trial would have resulted in a different outcome.  Id.  That result, the court reasoned, would "ignore[] fundamental differences between direct and collateral review in our system of dual sovereigns."  Id. (citation omitted).  Instead, courts must "look to the record to determine if the outcome *of the trial* would have been different."  Id. (citing Ambrose v. Booker, 684 F.3d 638, 649 (6th Cir. 2012)).  The "most important aspect to the inquiry is the strength of the case against the defendant," and "whether a trial without errors would still have resulted in *conviction*."  Id. (citing Ambrose, 684 F.3d at 652).  Because the petitioner in Jones did not attempt "to show that the outcome *at trial* would have been different had [he] represented himself," the court held that the petitioner's procedural default was not excused.  Id. at 564.

Jones is a case about what happens when the Strickland analysis under the cause prong does not address what would happen at the trial if it was error free.  In Joseph, the court looked to the trial record under the cause prong and found that the outcome would have been different if trial counsel had objected because the petitioner likely would not have received the death sentence. There was no need for the court to perform that analysis again under the prejudice prong.  Joseph, 469 F.3d at 459-62.  In Ege, the court did the same.  Initially, the court found that the petitioner may not have been convicted if trial counsel had objected to the only physical evidence linking

her to the crime, so there was no need for the court to perform that analysis under the prejudice prong. Ege, 485 F.3d at 379-80. Then in Hall, the court looked to the trial record to determine if the outcome would have been different had counsel objected to the prosecution's closing and concluded that it would not be. Hall, 563 F.3d at 237-39. In Jones, the Strickland analysis under the cause prong told the court only that appellate counsel's failure to raise the Faretta claim prejudiced the petitioner on appeal—i.e., that it produced a different *appellate result*. Jones, 801 F.3d at 563. That analysis did not touch on what would have actually happened at the trial if the petitioner represented himself, so the court required that analysis under the actual prejudice prong. Id. at 563-64. Jones is entirely consistent with Joseph, Ege, and Hall. The Court notes that the same judge authored both Hall and Jones without citing either decision in the other. The Sixth Circuit itself apparently perceived no conflict between them.

When trial counsel's ineffectiveness causes the default, courts determine what would have happened at an error-free trial under the cause prong, and there is no need to repeat that analysis under the prejudice prong. When the default is caused by someone other than trial counsel—e.g., appellate counsel—courts must look to the trial record separately under the actual prejudice prong. The distinction has nothing to do with whether counsel was constitutionally guaranteed.

Song also relies on Avery v. Wainwright, No. 20-3530, 2022 WL 1498431 (6th Cir. May 12, 2022), which expressly called Jones into question. In Avery, the court stated that Jones "misread dicta from Ambrose" in reaching its holding because Ambrose did not involve an ineffective-assistance-of-counsel claim. Avery, 2022 WL 1498431 at *12. The court then concluded that "[a] separate finding of actual prejudice beyond Strickland prejudice is not required." Id.

Jones rested on whether the analysis under the cause prong required the court to assess the trial outcome. Jones, 801 F.3d at 563-64. When it did not, the court had to perform that assessment separately under the actual prejudice prong. See id. Ambrose, which Jones relies on, is consistent with that principle. There, a computer glitch excluded African Americans from jury pools, and trial counsel did not become aware of the issue until it was too late to object. Ambrose, 684 F.3d at 645-49. Because there was no ineffective assistance of trial counsel, the cause analysis did not involve an assessment of the trial record to determine whether the outcome would have been different, so the court held that the actual prejudice analysis required that assessment. Id. at 649-52 ("We recognize that the application of the actual prejudice standard . . . presents a particularly challenging charge to the district courts below to answer the question, 'what would have happened?' The law nonetheless requires that the question be answered. . . ."). That reasoning applies regardless of whether the cause analysis involves ineffective assistance of counsel or some external factor. See Jones, 801 F.3d at 563-64. The question is whether the court has or has not analyzed the trial record under the cause prong to determine what would have happened if the trial was error free, not what type of claim established cause. See id. In any event, Avery is not binding, and its critique of Jones is dicta itself (the court already had denied relief on the merits without reaching the prejudice prong). Avery, 2022 WL 1498431 at *10-12.

### 3. Gaither Confirms the Framework

Song contends that Joseph, Ege, and Hall supply the rule for cases involving constitutionally guaranteed counsel, and that an even more favorable standard applies to him because he seeks to show cause to excuse his default based on his post-conviction counsel's ineffectiveness. (Doc. No. 152 at 5-7). Under the cause prong, Song contends that Martinez establishes that he only needs to prove "either that he was not provided post-conviction counsel or that his post-conviction counsel was ineffective under Strickland's standards." (Id. at 6). Then,

on the prejudice analysis, Song contends that <u>Martinez</u> establishes that he only needs to prove "that the underlying ineffective-assistance-of-trial-counsel claim is 'substantial'"—a lower bar than proving full <u>Strickland</u> prejudice.  (<u>Id.</u>)

Song's framing is incorrect.  First, <u>Joseph</u>, <u>Ege</u>, and <u>Hall</u> are not cases about constitutionally guaranteed counsel; they are cases in which the cause analysis required the court to examine the trial record and assess whether an error-free trial would reach a different outcome.  Second, Song misreads <u>Martinez</u>'s substantiality requirement as supplying the standard for the prejudice prong.  <u>Martinez</u>, however, addressed only a narrow exception to the cause prong of the <u>Coleman</u> analysis; it did not address prejudice at all.  <u>See</u> <u>Martinez</u>, 566 U.S. at 14-18 (creating a "limited qualification to <u>Coleman</u>" under the cause prong for initial-review collateral proceedings and remanding without addressing prejudice because the court below "did not address the question of prejudice").  The substantiality requirement—which Song seeks to import into the prejudice prong—applies only to the cause analysis on <u>Martinez</u>'s own terms.  <u>See id.</u>; <u>Rogers v. Mays</u>, 69 F.4th 381, 395-96 (6th Cir. 2023) (en banc) (listing three required factors under <u>Martinez</u> as cause to excuse the procedural default of an ineffective-assistance-of-trial-counsel claim); <u>Gaither v. Lane</u>, 169 F.4th 716, 724-26 (6th Cir. 2026) (addressing <u>Martinez</u> under the cause prong and then turning separately to prejudice under <u>Coleman</u>).  Song thus conflates <u>Martinez</u>'s standard for cause with the standard for prejudice when they are distinct inquiries.

That conflation works against Song.  Song is correct, for instance, that proving that the underlying ineffective-assistance-of-trial-counsel claim is substantial under <u>Martinez</u> is easier than proving <u>Strickland</u> prejudice.  Under <u>Martinez</u>, substantiality requires only "evidence" that the underlying ineffective-assistance-of-trial-counsel claim has some merit.  <u>Martinez</u>, 566 U.S. at 14; <u>Rogers</u>, 69 F.4th at 396.  That analysis asks whether the record contains evidence from which the

court could conclude that there is <u>Strickland</u> prejudice. <u>Rogers</u>, 69 F.4th at 396. It does not require that the court assess whether the outcome of the trial would have been different had it been error free. Indeed, when the cause analysis tells the court nothing about whether the trial outcome would have been different, then a separate actual prejudice inquiry is required. <u>Joseph</u>, <u>Hall</u>, <u>Ege</u>, and <u>Jones</u> require as much. Song's case for dispensing with a separate prejudice analysis is thus weaker than in <u>Joseph</u>, not stronger.

<u>Gaither</u> confirms why. In <u>Gaither</u>, the petitioner procedurally defaulted on an ineffective-assistance-of-trial-counsel claim and sought to excuse the default under <u>Martinez</u>. <u>Gaither</u>, 169 F.4th at 720-21, 724. The court applied <u>Martinez</u> under the cause prong and asked whether there was evidence that the petitioner's ineffective-assistance-of-trial-counsel claim was "substantial." <u>Id.</u> at 724. The court examined the trial evidence and found that the ineffective-assistance-of-trial-counsel claim had "no basis in fact," and "no basis in law." <u>Id.</u> at 725. That alone was sufficient for the court to deny relief for failure to establish cause under <u>Martinez</u>. The court, however, went on and addressed the prejudice prong. The court found that the petitioner needed "to show prejudice, twice." <u>Id.</u> at 726. First, under the cause prong, he had to "show evidence of <u>Strickland</u> prejudice to demonstrate that he has a 'substantial' claim for ineffective assistance of trial counsel, a claim that necessarily includes proving prejudice." <u>Id.</u> (citing <u>Rogers</u>, 69 F.4th at 397). Second, under <u>Coleman</u>'s actual prejudice prong, he had to show that based on "the record" the "outcome of the trial would have been different." <u>Id.</u> (citing <u>Jones</u>, 801 F.3d at 563). The court then concluded that "a trial without errors would still have resulted in conviction" because the evidence against the petitioner was overwhelming. <u>Id.</u> (quoting <u>Jones</u>, 801 F.3d at 563).

<u>Gaither</u> is consistent with the framework the Court has described. <u>Gaither</u> frames both showings under the prejudice heading, stating that the petitioner "needs to show prejudice, twice."

Id.  But the first requirement—"evidence of Strickland prejudice" to demonstrate a "substantial" claim—restates what Martinez requires under the cause prong.  Id.  Substantiality asks only whether the record contains evidence from which a court could conclude that there is Strickland prejudice; it does not require assessing whether the trial outcome would have been different.  See Martinez, 566 U.S. at 14; Rogers, 69 F.4th at 396.  The inquiries look similar, but they ask different questions.  Gaither's second requirement—Coleman actual prejudice—is the additional showing the prejudice prong demands precisely because the cause analysis did not do that work.  Id.  That same principle explains Jones, and it explains why Joseph, Ege, and Hall came out differently.

Gaither's characterization of the actual prejudice standard as requiring "more" than Strickland prejudice also makes sense in this context.  Id.  When a federal court excuses a petitioner's failure to properly raise a claim through the state's appellate or post-conviction procedures, principles of comity require a heightened degree of confidence that the error affected the trial.  See Jones, 801 F.3d at 563 (reasoning that conflating the two standards would "ignore[] fundamental differences between direct and collateral review in our system of dual sovereigns").  That concern does not arise when trial counsel's own ineffectiveness at trial caused the default.  In any case, the difference between the two formulations is "slight and matters 'only in the rarest case.'"  Harrington v. Richter, 562 U.S. 86, 112 (2011) (quoting Strickland, 466 U.S. at 693, 697).  Joseph, Ege, and Hall bear that out.  In Joseph, for example, the Strickland prejudice finding effectively resolved the actual-prejudice question as well.  See, e.g., Joseph, 469 F.3d at 462 (effectively concluding that petitioner would not have received the death penalty in an error-free trial).

Song contends that Gaither's application of Jones is dicta because the petitioner failed to establish even a substantial Strickland claim, making the actual prejudice analysis unnecessary to

the outcome.  (Doc. No. 161).  Song is likely correct that the analysis could have ended after the court found no cause under <u>Martinez</u>.  Still, <u>Gaither</u> is binding authority, and the Court follows its guidance.

        B.          <u>Application to the Court's Prior Opinion</u>

The Court's prior opinion reached the correct result.  (Doc. No. 150 at 19-22).  But to the extent the Court assumed full <u>Strickland</u> prejudice before turning to procedural default separately, the Court now clarifies its analysis.  Under <u>Rogers</u>, <u>Jones</u>, and <u>Gaither</u>, the proper approach in this case is to assess cause under <u>Martinez</u> and then assess actual prejudice under <u>Coleman</u>.  <u>Rogers</u>, 69 F.4th at 396-99; <u>Jones</u>, 801 F.3d at 563; <u>Gaither</u>, 169 F.4th at 724-26.  <u>Martinez</u> does not require a full showing of <u>Strickland</u> prejudice on the underlying ineffective-assistance-of-trial-counsel claim.  It requires only evidence that the underlying ineffective-assistance-of-trial-counsel claim has some merit.  <u>Martinez</u>, 566 U.S. at 14; <u>Rogers</u>, 69 F.4th at 396.  It also requires "that the state either prohibits or makes it 'virtually impossible' to raise ineffective-assistance-of-trial-counsel claims on direct appeal," and "that the petitioner received ineffective assistance of counsel in the initial state post-conviction proceedings."  <u>Rogers</u>, 69 F.4th at 395-96.

The Court reaffirms that there is evidence Song's ineffective-assistance-of-trial-counsel claim has some merit.  (Doc. No. 150 at 19-20).  Trial counsel failed to develop evidence supporting the interpreter motion, undermined the motion by telling the trial court that Song spoke English well, and never assessed how Song would testify with or without an interpreter.  (<u>Id.</u>).  Song's testimony was at times incomprehensible, and Song's conviction turned in part on battling testimony.  (<u>Id.</u> at 20).  The Court also reaffirms its assumption that post-conviction counsel was deficient for failing to raise these arguments.  (<u>Id.</u>).  The Court further reaffirms that Tennessee relegates ineffective-assistance-of-trial-counsel claims to collateral review.  (<u>Id.</u> at 21).  Song has established cause to excuse the default.

14

The Court again concludes that Song cannot show the outcome of the trial would have been different had he been allowed to use an interpreter. See Jones, 801 F.3d at 563-64; Gaither, 169 F.4th at 726. The prosecution's case did not rest on Song's testimony. (Doc. No. 150 at 22). Two accusers testified about the offenses. (Id.). The jury heard corroborating accounts from the accusers' mother, teacher, and guidance counselor, as well as from a child psychologist, a social worker, and a detective. (Id.). A nurse practitioner testified that one of the accusers had sustained a hymenal injury consistent with penetrative trauma. (Id.). That physical evidence is independent of anything Song said or failed to say on the stand. For those reasons, the Court cannot conclude that the outcome of Song's trial would have been different even if his testimony had been more coherent and persuasive with an interpreter. Song has not established actual prejudice to excuse the default. Song's Rule 59(e) motion will be denied.

C.      Certificate of Appealability

A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations omitted).

For the reasons set forth in the Court's prior opinion, the Court declines to issue a certificate of appealability on Song's claim that the trial court violated clearly established Supreme Court precedent by denying his motion for an interpreter. (Doc. No. 150 at 13-16). There is no Supreme Court holding clearly establishes a right to an interpreter at trial.

The Court will issue a certificate of appealability on Song's Strickland claim. The Court has reviewed the relevant Sixth Circuit authority and applied what it believes is a fair reading of those decisions. Yet reasonable jurists could debate their application to Song's Strickland claim.

Song remains free to seek a certificate of appealability on any remaining issues directly from the Sixth Circuit.  See Fed. R. App. P. 22(b)(1).

## IV.     CONCLUSION

For the reasons set forth above, Song's motion for reconsideration (Doc. No. 152) will be denied.  The Court will issue a certificate of appealability for Song's Strickland claim only.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

16